UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**PETER MANDEAU,**                                   Chapter 7
    Debtor                                       Case No. 09-10404-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**PETER MANDEAU,**
    Plaintiff
v.                                                           Adv. P. No. 15-1032

**BANK OF AMERICA, N.A., BAC**
**HOME LOAN SERVICING, LP f/k/a**
**COUNTRYWIDE HOME LOAN**
**SERVICING, LP,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matter before the Court is the Motion of Defendant Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans servicing LP ("BANA") to Dismiss Counts II-VII of Plaintiff's Complaint. The Court heard the matter on August 25, 2015 and raised an issue as to this Court's jurisdiction. The material facts necessary for this Court to determine its jurisdiction are not in dispute.

1

## II. BACKGROUND

On or about June 18, 2003, Peter Mandeau (the "Plaintiff") purchased 1411 Washington Sreet, Unit 18, Boston Massachusetts (the "Property"). In conjunction with the purchase of the Property, he executed a promissory note (the "Note") in the amount of $283,000.00, in favor of Countrywide Home Loans, Inc. ("Countrywide"). Countrywide endorsed the Note in blank. To secure the obligations under the Note, Plaintiff executed a mortgage on the Property (the "Mortgage," and jointly with the Note, the "Loan") in favor of Mortgage Electronic Systems, Inc. ("MERS"), solely as nominee for Countrywide and its successors and assigns.

On January 20, 2009, the Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The Plaintiff listed "Countrywide" as the holder of a secured claim in the sum of $255,695.59 on Schedule D-Creditors Holding Secured Claims, as well as on the creditor matrix. On February 18, 2009, the Chapter 7 Trustee filed a Report of No Distribution. On April 21, 2009, the Court granted the Plaintiff a discharge under 11 U.S.C. § 727, which included the debt evidenced by the Note underlying the Mortgage. A copy of the Plaintiff's discharge was sent by the Bankruptcy Noticing Center to BANA via first class mail, and was not returned by the U.S. Postal Service. On April 27, 2009, the Debtor's Chapter 7 case was closed.[1]

---

[1] On April 27, 2009, BANA filed a motion for relief from the automatic stay to foreclose its mortgage and security interest in the Property. Because the stay relief motion was filed after the entry of the order discharging the trustee and closing the case, and after the entry of the Plaintiff's discharge, the Court determined the motion was moot. *See* 11 U.S.C. § 362(c)(1) and (2).

After the Plaintiff filed his Chapter 7 case and after he received his discharge, on or about July 9, 2009, MERS, the original mortgagee, assigned the Mortgage to BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Loans Servicing, LP via an assignment of mortgage duly recorded with the Suffolk County Register of Deeds (the "Assignment").

On January 15, 2015, the Plaintiff moved to reopen his Chapter 7 case. The U.S. trustee appointed Gary W. Cruickshank the Chapter 7 Trustee. The Trustee requested a claims bar date on June 25, 2015 in the reopened case, but subsequently filed a Report of No Distribution on October 15, 2015.

On February 18, 2015, the Plaintiff filed the above-captioned adversary proceeding. The Plaintiff alleged that after the entry of his discharge BANA "continued to attempt to collect the first mortgage debt from Plaintiff by sending him bills, statements and notices indicating that amounts were due and/or owed."[2] The Plaintiff also alleged that, despite correspondence with BANA at their corporate address, BANA continued to bill and harass the Plaintiff for collection of the debt. In addition, the Plaintiff alleged that he worked diligently to obtain a loan modification and, in April of 2010, retained the services of Urban Edge Foreclosure Prevention. Despite his best efforts, the Plaintiff alleged that BANA

---

[2] *See* Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (" the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *See* 11 U.S.C. § 522(c)(2); Owen v. Owen, 500 U.S. 305, 308-309, 111 S.Ct. 1833, 1835-1836, 114 L.Ed.2d 350 (1991); Farrey v. Sanderfoot, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991)). *See also* Summers v. Fin. Freedom Acquistion LLC, __ F.3d __, 2015 WL 6437473 at *5 (1st Cir. Oct. 23, 2015).

3

refused his request for a loan modification.

Based upon the foregoing allegations, the Debtor formulated seven counts as follows: Count I-[Violation of the] Discharge Injunction; Count II-Fraudulent Misrepresentation; Count III-Negligent Misrepresentation; Count IV-Breach of Covenant of Good Faith and Fair Dealing; Count V-Negligent Infliction of Emotional Distress; Count VI-Violation of Mass. Gen. Laws 93A; and Count VII-RESPA Violations.

BANA moved to dismiss Count II-VII for failure to state a claim under Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012. At the August 25, 2015 hearing, the Court *sua spone* raised the issues of the Plaintiff's standing and its jurisdiction and directed the parties to supplement their papers to address those issues.

### III. POSITIONS OF THE PARTIES

A. The Chapter 7 Trustee

The Chapter 7 Trustee reported the following:

> The undersigned has reviewed Counts 2-8 as ordered by the Court and all of the allegations against the Defendant, which did not purchase the loan until several months after the filing of the Chapter 7 case, constitute post-petition causes of action. I do not believe Counts 2-8 contain pre-petition claims which should be pursued by the undersigned since, as indicated above, the Defendant did not purchase this loan until July 9, 2009. The Chapter 7 case was filed on January 20, 2009.

B. BANA and the Plaintiff

BANA states that "[t]he Court has subject-matter jurisdiction over Plaintiff's claims because such claims 'arose in' Title 11. *See* 28 U.S.C. § 1334(b). In addition, the Court has authority to enter a final judgment, or at minimum to issue proposed findings of fact and

conclusions of law. *See* 28 U.S.C. § 157(c)(1)." Specifically, BANA argues:

> [T]he crux of BANA's Motion to Dismiss is that Counts II-VIII should be dismissed in light of the April 29, 2009 discharge order, because those claims relate to Plaintiff's Note which was discharged in bankruptcy, leaving only the Mortgage. This argument would not be viable without the existence of Plaintiff's bankruptcy and his related discharge, and for this reason, this Court should continue to exercise subject-matter jurisdiction.

BANA did not argue that this Court has "related to" jurisdiction.

The Plaintiff states that "he agrees generally" with BANA"s position as to this Court's jurisdiction.

### IV. BANKRUPTCY COURT JURISDICTION

"[D]istrict courts shall have original and exclusive jurisdiction of all cases under title 11." *See* 28 U.S.C. § 1334(a). "[D]istrict courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See* 28 U.S.C. § 1334(b). A standing order of reference issued by the United States District Court for the District of Massachusetts refers such proceedings to this court pursuant to 28 U.S.C. § 157(a). The "jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995). According to the United States Court of Appeals for the First Circuit in New England Power & Marine, Inc., v. Town of Tyngsborough (In re Middlesex Power Equipment & Marine, Inc.), 292 F.3d 61 (1st Cir. 2002),

> The "arising under" language of § 1334(b) is analogous to the "arising under" language in 28 U.S.C. § 1331. 1 *Collier on Bankruptcy, supra*, ¶ 3.01[4][c][i], at 3–21. In shorthand, it is commonly said that "arising under" proceedings are (at least) those cases in which the cause of action is created by title 11. Id.; *see*

5

*also* Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999); In re Wood, 825 F.2d at 96.

"Arising in" proceedings generally "are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." In re Wood, 825 F.2d at 97; *see also* In re Toledo, 170 F.3d at 1345; United States Tr. v. Gryphon at Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999); Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.), 935 F.2d 1071, 1076 (9th Cir. 1991).

By contrast, this court has defined "related to" proceedings as proceedings which " 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.' " In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991) (quoting Smith v. Commercial Banking Corp. (In re Smith), 866 F.2d 576, 580 (3d Cir. 1989)).

In re Middlesex Power Equip. & Marine, Inc., 292 F.3d at 68.

## V. DISCUSSION

In view of the law in this circuit as outlined in Middlesex Power Equip. & Marine, Inc., this Court lacks jurisdiction to determine the claims raised by the Plaintiff in Counts II-VII of his Complaint. Contrary to the assertions of BANA and the Plaintiff, the claiims for relief set forth in the Plaintiff's Complaint have independent existence outside of bankruptcy. While the claims are related to the Plaintiff's discharge, they are not "expressly created by title 11." The Plaintiffs alleged, with the exception of the claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(1)(B), only state law claims that can be pursued in the appropriate state court forum. Moreover, the RESPA claim is not dependent upon the bankruptcy case. Significantly, the Plaintiff's alleged claims for relief are not property of the estate as they arose postpetition. *See* 11 U.S. C. §

541(a)(1)-(7). The estate representative has disavowed interest in pursuing the claims, and, were the Plaintiff to prevail against BANA in litigation in an appropriate forum, any recovery the Plaintiff might obtain would not inure to the benefit of the bankruptcy estate. Indeed, any recovery would only benefit the Plaintiff and would have no effect on the bankruptcy estate. *See* Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (1984), *overruled on other grounds by* Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). Under these circumstances, this Court has neither "arising under" nor "related to" jurisdiction.

As noted by the court in Stulz v. Taska (In re Maine Marine Corp.), 20 B.R. 426 (Bankr. D. Me. 1982), "[j]urisdictional questions . . . can be raised at any time by the Court on its own motion." Id. at 427 (citing Murdock v. Allina (In re Curtina Int'l, Inc.), 15 B.R. 993, 996 (Bankr. S.D.N.Y. 1981)). As this court stated in Wellesley Realty Assocs., LLC v. Town of Wellesley (In re Wellesley Realty Assocs., LLC), No. 12-16889, Adv. P. No. 14-1159, 2015 WL 2261680 (Bankr D. Mass. May 11, 2015),

> Because the subject matter jurisdiction of a federal court is constitutional and statutory in nature, it cannot be waived or otherwise conferred upon the court by the parties. University of South Ala. [v. American Tobacco Co.], 168 F.3d [405] at 410 [ (11th Cir. 1999) ]. *See also* Hurt v. Dow Chemical Co., 963 F.2d 1142, 1146 (8th Cir. 1992) ("subject-matter jurisdiction is not a mere procedural irregularity capable of being waived"). Even if neither of the parties objects to a court's subject matter jurisdiction, the court may—indeed should—inquire into its jurisdiction sua sponte whenever it may be lacking. 168 F.3d at 410.

In re Wellesley Realty Assocs., LLC, 2015 WL 2261680 at *12 (quoting First Guaranty Bank & Trust Co. v. Reeves, 86 F.Supp.2d 1147, 1150 (M.D. Fl. 2000). *See also* Commonwealth of Mass. v. Sohmer (In re Sohmer), 388 B.R. 448, 452 (Bankr.D.Mass. 2008). Accordingly,

7

the positions of BANA and the Plaintiff as to this Court's jurisdiction are neither binding nor meritorious.

## VI. CONCLUSION

In view of the foregoing, the Court shall issue an order denying BANA's Partial Motion to Dismiss. The Court dismisses Counts II-VII for lack of jurisdiction. The Court shall issue a pretrial order with respect to Count I following the filing of an answer by BANA.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: November 9, 2015